STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Petitioner, Appellant,

v.

Kermit LeRoy HAUGE, Jr., Respondent.

No. 49378.

Supreme Court of Minnesota.

Nov. 30, 1979.

Warren Spannaus, Atty. Gen., and James M. Campbell, Sp. Asst. Atty. Gen., St. Paul, for appellant.

C. Paul Jones, Public Defender, and Linda Matthews Britton, Asst. Public Defender, Minneapolis, for respondent.

Heard before OTIS, PETERSON, and KELLY, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Kermit LeRoy Hauge, Jr., sustained a head laceration when he drove his vehicle off the highway on the evening of November 5, 1976. He was taken by ambulance to a hospital where, under novocaine anesthesia, his head laceration was sutured. A police officer was dispatched to the emergency room of the hospital to obtain a blood sample from Hauge. The officer read Hauge the statutory implied consent advisory, and Hauge agreed to submit to the blood test. The test results indicated Hauge's blood contained 0.11 percent by weight of alcohol.

It is stipulated that there was probable cause for the investigating police officer to believe that, at the time the accident occurred, Hauge was driving while under the influence of alcohol.

The Department of Public Safety gave due notice of intent to revoke Hauge's driver's license pursuant to Minn.Stat. § 169.127, subd. 2 (1976).[1] Upon a judicial hearing, at Hauge's request, the county court dismissed the department's petition to revoke his driver's license, basing its decision on the ground that Hauge had not been properly advised of his rights under the implied consent law, including his right to refuse blood testing. The basis of the decision was that the accident and ensuing medical treatment had rendered him incapable of understanding his rights or knowingly exercising them. A three-judge panel of the district court affirmed the county court's order. We reverse.

Our decision in State v. Wiehle, 287 N.W.2d 416 (Minn.1979), filed herewith, has determined that the implied consent statute is constitutional, so that the issue is solely one of statutory construction.

The Wiehle case, which holds that the statutorily implied consent of an unconscious driver continues notwithstanding his obvious incapacity to respond to the implied consent advisory, subject only to the probable cause limitations and prerequisites imposed by State v. Oevering, 268 N.W.2d 68 (Minn.1978), controls decision in this case. We hold that where the driver's physical or mental condition as a result of alcohol consumption or the effects of injury or treatment for injury precludes him from knowingly, voluntarily, or intelligently exercising his statutory choice to refuse submission to such test, his statutorily implied consent remains continuous. Under the implied consent statute, any inquiry into the driver's capacity to make a knowing, voluntary, or intelligent choice is immaterial.

Reversed.

---

1. Minn.Stat. § 169.127 (1976) has been repealed. However, the substance of § 167.127, subd. 2, has been reincorporated in § 169.123, subd. 4, by 1978 Minn. Laws, ch. 727, § 3.