STATE of Minnesota, Respondent,

v.

Bruce George SIMON, Appellant.

No. C0-90-2705.

Court of Appeals of Minnesota.

May 19, 1992.

Review Granted July 16, 1992.

influence in violation of Minn.Stat. § 169.-121, subd. 1(a) and subd. 3(b) (1989) and refusal to submit to testing in violation of Minn.Stat. § 169.121, subd. 1a and subd. 3(c) (1989). Simon was sentenced on the first gross misdemeanor to one year in county jail and payment of a fine of $3,000 plus fees, and consecutively sentenced to one year in county jail on the second gross misdemeanor offense. The sentence was stayed for two years provided Simon spend 30 days in jail, complete a chemical dependency treatment course, and pay $750 plus fees. On appeal from the judgment of conviction and sentence, Simon argues the trial court erred in (1) ruling the evidence of refusal was admissible, (2) admitting the taped conversations between him and the arresting officer, (3) sentencing him to consecutive terms, and (4) concluding the evidence was sufficient to sustain the convictions. We disagree and affirm.

## FACTS

A state trooper discovered Simon trying to drive his car out of a ditch along a highway in Aitkin County. The trooper observed car tracks in the snow on the opposite shoulder of the road and skid marks into the ditch. The trooper noted the road was dry. The trooper testified Simon had slurred speech, bloodshot eyes, a strong odor of an alcoholic beverage about him and had a difficult time walking back to the squad car.

The officer placed Simon under arrest for driving while under the influence of alcohol and read him the Implied Consent Advisory. Simon was given a choice of a blood test or a urine test, but he refused to submit to either form of testing:

At trial, the state attempted to introduce an audio tape of (a) the advisory being read to Simon, (b) a lengthy conversation between the officer and Simon, and (c) Simon's refusal. Before the advisory was read, Simon asked to talk with his lawyer and asked the officer which test he recommended. The officer explained the choices available and the effect of each decision on Simon's driving privileges. Simon moved to suppress the evidence. The trial court

Hubert H. Humphrey, III, Atty. Gen., William F. Klumpp, Jr., Asst. Atty. Gen., St. Paul, for respondent.

Dean S. Grau, Minneapolis, for appellant.

Considered and decided by SHORT, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

SHORT, Judge.

After a jury trial, Bruce George Simon was convicted of driving while under the

found some statements were obtained in violation of Simon's right to have counsel present during questioning. However, the statements made during the Implied Consent Advisory were ruled admissible. Statements made after the advisory were suppressed. Simon also moved to dismiss the refusal charge. The trial court denied that motion.

### ISSUES

I. Did the trial court err in ruling the evidence of refusal admissible?

II. Did the trial court err in admitting the taped Implied Consent Advisory?

III. Are driving under the influence and refusal of testing part of a single behavioral incident?

IV. Is the evidence sufficient to sustain the convictions?

### ANALYSIS

#### I.

 Simon argues the evidence of refusal should not have been admitted because he was denied his right to counsel. We disagree. Simon failed to assert in the trial court that the request for a test was a critical stage under Minn. Const. art. I, § 6. *See Friedman v. Commissioner of Pub. Safety*, 473 N.W.2d 828, 837 (Minn.1991) (holding the decision whether to submit to chemical testing was a critical stage and thus, the right to counsel did attach under art. I, § 6 of the Minnesota Constitution). Because Simon did not argue under Art. I, § 6 of the Minnesota Constitution, his challenge does not satisfy the requirements under *Friedman* for retroactive treatment. *See Id.* at 838. Based on controlling law prior to *Friedman,* the decision whether to submit to testing is not a critical stage and no right to counsel attaches. *See Nyflot v. Commissioner of Pub. Safety*, 369 N.W.2d 512, 516–17 (Minn.1985).

 Simon also argues the evidence of refusal should not have been admitted because the 1989 Implied Consent Advisory was misleading. However, Simon had a previous conviction for driving while under the influence of alcohol. In giving the advisory, the trooper warned Simon of possible criminal charges the state was authorized to impose. *See McDonnell v. Commissioner of Pub. Safety*, 473 N.W.2d 848, 855 (Minn.1991) (threatening criminal charges the state is not authorized to impose violates due process). Minn.Stat. § 169.123, subd. 2(b)(2) is not unconstitutional as applied to Simon.

 Simon argues further the language in the former advisory warning he "may" be subject to criminal penalties for refusing but would be subject to such penalties for taking and failing the test was misleading and violated due process. However, that argument has been rejected by this court. *See McDonnell v. Commissioner of Pub. Safety*, 460 N.W.2d 363, 371–72 (Minn.App.1990), *rev'd. in part on other grounds*, 473 N.W.2d at 855 (Minn. 1991). The supreme court's holdings on other issues in *McDonnell* and *Friedman* do not affect this holding.

#### II.

 Simon argues the recorded statements of his responses to the Implied Consent Advisory should have been suppressed because his statements were neither voluntary nor properly preceded by a *Miranda* warning. We disagree. It is well settled that a state does not violate the fifth amendment when it introduces an individual's refusal to consent to a blood alcohol test as evidence that the individual was driving while intoxicated. *South Dakota v. Neville*, 459 U.S. 553, 566, 103 S.Ct. 916, 924, 74 L.Ed.2d 748 (1983). *See McDonnell*, 473 N.W.2d 848, 855–56 (agreeing with *Neville* holding that a refusal to submit to testing in the context of an Implied Consent Advisory does not constitute a compelled self-incriminating statement). In the context of an Implied Consent Advisory, the request to undergo testing does not constitute interrogation and a *Miranda* warning is not required. *Id.* at 855. Under these circumstances, the trial court properly admitted the recorded statements of Simon's responses to the Implied Consent Advisory.

### III.

■ Minn.Stat. § 609.035 (1990) provides in part:

... if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any of them is a bar to prosecution for any other of them.

A test to determine whether each violation charged resulted from a single behavioral incident was set forth in *State v. Johnson*, 273 Minn. 394, 404, 141 N.W.2d 517, 525 (1966).

[V]iolations of two or more traffic statutes result from a single behavioral incident where they occur at substantially the same time and place and arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment.

*Id.* Multiple sentences may not be imposed for two offenses if the defendant commits the second offense in order to avoid apprehension for the first offense. *State v. Gibson*, 478 N.W.2d 496, 497 (Minn.1991).

■ Simon argues driving under the influence and refusing testing are part of a single behavioral incident. We disagree. First, the offenses did not occur at substantially the same time and place. Simon was guilty of violating Minn.Stat. § 169.121, subd. 1(a) the instant he sat behind the wheel of his car and started its engine. He was guilty of refusal to submit to testing later while inside the trooper's squad car.

■ Second, the offenses did not arise out of a continuous course of conduct. Simon's driving conduct was interrupted when he left his car. His convictions did not arise from a continuous course of driving. *Cf. State v. Finn*, 295 Minn. 520, 521–522, 203 N.W.2d 114, 115 (1972).

■ Third, a driver's decision to refuse testing, after being carefully advised of the possible consequences, cannot be considered an error of judgment coincident with the decision to drive while intoxicated. A driver refuses testing, presumably, not out of a raw fear of discovery but from a careful consideration of the consequences

detailed in the Implied Consent Advisory. *Cf. State v. White*, 292 N.W.2d 16, 18 (Minn.1980) (because driver committed disorderly conduct in part to avoid responsibility for traffic offenses, they were part of a single behavioral incident). The state of mind implied in this decision has nothing to do with the mental state involved in deciding to drive while impaired. The driver's state of intoxication is not a reasonable grounds for refusing testing. *Casci v. Commissioner of Pub. Safety*, 360 N.W.2d 443, 445 (Minn.App.1985). A driver who refuses testing has not avoided responsibility for his earlier decision, he has merely chosen one set of consequences over another.

■ The language of Minn.Stat. § 169.-121 supports our holding. The refusal statute applies to all drivers, whether intoxicated or not. If an intoxicated driver could only be sentenced on the driving while under the influence charge, there would be no incentive for the driver to take a chemical test. The legislature clearly intended a person who drives while intoxicated would receive additional penalties if a chemical test was refused. The statute itself outlines two separate and distinct behavioral incidents. Each offense can be explained without reference to the other. Under these circumstances, each conviction should receive its own separate punishment.

### IV.

■ In evaluating the sufficiency of the evidence to support a criminal conviction, we must carefully review the evidence in the light most favorable to the state, and assume the jury believed the state's witnesses and disbelieved any contrary evidence. *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989); *State v. Moore*, 438 N.W.2d 101, 108 (Minn.1989). The credibility of the witnesses is for the jury to determine, and the resolution of conflicting testimony is exclusively within the jury's province. *State v. Daniels*, 361 N.W.2d 819, 826 (Minn.1985).

Simon argues the evidence was insufficient to support the convictions. However, the record demonstrates (a) Simon was driving his car in a ditch, (b) he smelled of alcohol, had bloodshot eyes and had trouble talking and walking, (c) although the road was dry, there were cross-traffic car tracks and skid marks into the ditch, and (d) Simon admitted consuming six beers before driving. Under these facts, there was ample evidence to convict Simon.

## DECISION

The trial court did not err in admitting the evidence of refusal or the tape of the Implied Consent Advisory. Driving while under the influence and refusing testing are separate behavioral incidents and should receive separate punishment. There is ample evidence to sustain the convictions.

Affirmed.